UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM S. KNOX,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DAVIS TRUCKING COMPANY, INC., a domestic Nevada corporation; ABC CORPORATIONS I-X; BLACK and WHITE COMPANIES I-X; and JOHN DOES I-X,<br><br>    Defendants.<br><br>JOHN DAVIS TRUCKING COMPANY, INC., a domestic Nevada corporation,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK; and UNION PACIFIC RAILROAD COMPANY,<br><br>    Third-Party Defendants. | 3:11-CV-00842-LRH-WGC<br><br>ORDER |

Before the court is Plaintiff William S. Knox's Motion to Remand (#8[1]). Defendant John Davis Trucking Company, Inc. filed an opposition (#19), and Plaintiff replied (#22).

---

[1] Refers to the court's docket entry number.

This is a wrongful death action arising out of a highly-publicized accident on June 24, 2011, involving an AMTRAK train and a truck owned by John Davis Trucking. On July 6, 2011, Plaintiff William S. Knox filed the underlying complaint in state court, naming only John Davis Trucking and does as defendants. It is alleged and undisputed that John Davis Trucking is a Nevada corporation, doing business in Washoe County. On November 21, 2011, John Davis Trucking removed the action to this court (#1) pursuant to 28 U.S.C. § 1441(b) on the basis of this court's diversity jurisdiction under 28 U.S.C. § 1332. Following removal, on December 8, 2011, John Davis Trucking filed a Third Party Complaint (#4) against the National Railroad Passenger Corporation (a.k.a. Amtrak) and the Union Pacific Railroad Company. Plaintiff now moves this court to remand the action to state court because removal was improper under the forum defendant rule.

In diversity cases, removal is permitted "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). "Separate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, § 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). Here, it is undisputed that Defendant John Davis Trucking is a resident of Nevada. Removal was therefore not permitted under § 1441(b), and remand to state court is required.

The court rejects John Davis Trucking's argument that its filing of a third party complaint against Amtrak and concerns regarding judicial economy require a different result. At the time John Davis Trucking filed its petition for removal, it had yet to file its third party claims. And even if the timing were otherwise, that this court may have original jurisdiction over any claims John Davis Trucking may have against a third party is immaterial to this court's jurisdiction over the claims asserted against it by William Knox.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (#8) is GRANTED.

1 | This case is hereby remanded to the Second Judicial District Court of Washoe County, Nevada.

2 | IT IS SO ORDERED.

3 | DATED this 30th day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE